## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A01-00785-DMD<br><br>BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Debtors. | Chapter 7 |
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Adversary No. A05-90024-DMD<br><br>**Filed On<br>11/3/05** |

## MEMORANDUM IN SUPPORT OF MOTION
## TO WITHDRAW THE REFERENCE

Debtors Bruce and Linda Romine obtained a chapter 7 discharge in November of 2001. They initiated this adversary proceeding on July 13, 2005. Their complaint seeks damages for the defendants' purported violations of the discharge injunction, 11 U.S.C. § 524, the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and for the common law tort of defamation.

The Romines have made a timely jury demand. The court requested briefs on the issue of whether they were entitled to a jury trial. I agree with the Romines that they do have a right to a jury trial, at the very least with respect to their counts relating to violations

of the Fair Credit Reporting Act. While defendant Trans Union concedes that the plaintiffs have a right to a jury trial, neither Trans Union nor GMAC Mortgage consent to a jury trial in the bankruptcy court.

This adversary proceeding includes both core and non-core claims. Core proceedings are defined in 28 U.S.C. § 157(b)(2) and "include matters affecting the administration of the estate, determinations as to the dischargeability of particular debts, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship."[1] The bankruptcy court can enter final judgments in core proceedings.[2] Non-core proceedings are ones which do not depend on the Bankruptcy Code for their existence and could proceed in a forum other than the bankruptcy court.[3] A bankruptcy court can hear non-core proceedings, but can only enter a final judgment therein if all parties to the proceeding so consent.[4] Additionally, the bankruptcy court can conduct a jury trial in non-core proceedings only with the express consent of all parties.[5]

In this proceeding, the Romines' counts relating to violation of the discharge injunction found in 11 U.S.C. § 524 are core proceedings. The other counts of the Romines'

---

[1] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[2] 28 U.S.C. § 157(b)(1).

[3] *Dunmore*, 358 F.3d at 1114.

[4] 28 U.S.C. § 157(c). This subsection also requires the district court to refer the non-core proceeding to the bankruptcy court for adjudication. The United States District Court for the District of Alaska has entered an order of reference which permits this court to determine non-core proceedings.

[5] 28 U.S.C. § 157(e).

adversary complaint, however, which allege violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and the common law tort of defamation, are non-core proceedings.  Because the defendants do not consent to trial of the non-core counts by the bankruptcy court, the bankruptcy court moves for withdrawal of the reference so that this matter can be tried by the District Court, in accordance with 28 U.S.C. § 157(c).

DATED:  November 3, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:      D. Bruce, Esq.
J. Travostino, Esq.
W. Earnhardt, Esq.
M. Parise, Esq.
K. Odza, Esq.
P. Gingras, Adv. Case Mgr.
C. Rapp, Appeals/Reference Tracking

11/03/05