**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re:  Case No. A01-00785-DMD<br><br>BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>            Debtors. | Chapter 7 |
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>            Plaintiffs,<br><br>        v.<br><br>GMAC MORTGAGE CORPORATION, d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>            Defendants. | Adversary No. A05-90024-DMD<br><br>**Filed On**<br>**11/18/05** |

**REPORT AND RECOMMENDATION REGARDING THE COURT'S MOTION TO WITHDRAW THE REFERENCE**

To:    The United States District Court for the District of Alaska

Introduction

The Bankruptcy Court has filed a motion to withdraw the reference of this action to the United States District Court for the District of Alaska. Withdrawal of the reference is requested because this matter contains both core and non-core claims and not all parties consent to the jurisdiction of the bankruptcy court to enter a final judgment. Additionally, the plaintiff has demanded, and is entitled to, a jury trial and the defendants do not consent to a jury trial before the bankruptcy court.

No opposition to the court's motion to withdraw the reference has been filed. The Bankruptcy Court submits the following report to the United States District Court and recommends that its motion be granted.

Case Background

Debtors Bruce and Linda Romine obtained a chapter 7 discharge in November of 2001. They initiated this adversary proceeding on July 13, 2005. Their complaint seeks damages for the defendants' purported violations of the discharge injunction, 11 U.S.C. § 524, the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and for the common law tort of defamation.

The Romines made a timely jury demand. This court requested briefs on the issue of whether they were entitled to a jury trial and thereafter concluded that the plaintiffs did have this right, at the very least with respect to their counts relating to violations of the Fair Credit Reporting Act. Defendants Trans Union and GMAC Mortgage do not consent to a jury trial in the bankruptcy court.

Analysis

This adversary proceeding includes both core and non-core claims. Core proceedings are defined in 28 U.S.C. § 157(b)(2) and "include matters affecting the administration of the estate, determinations as to the dischargeability of particular debts, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship."[1]  The bankruptcy court can enter final judgments in core

---

[1] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

2

proceedings.[2]  Non-core proceedings are ones which do not depend on the Bankruptcy Code for their existence and could proceed in a forum other than the bankruptcy court.[3]  A bankruptcy court can hear non-core proceedings, but can only enter a final judgment therein if all parties to the proceeding so consent.[4]  Additionally, the bankruptcy court can conduct a jury trial in non-core proceedings only with the express consent of all parties.[5]

In this proceeding, the Romines' counts relating to violation of the discharge injunction found in 11 U.S.C. § 524 are core proceedings.  The other counts of the Romines' adversary complaint, however, which allege violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and the common law tort of defamation, are non-core proceedings.  The Romines are entitled to a jury trial as to at least some of their non-core counts.  However, the defendants do not consent to trial of the non-core counts by the bankruptcy court.

Recommendation and Conclusion

This proceeding contains both core and non-core matters, and the plaintiff is entitled to a jury trial with respect to at least some of their non-core claims.  The defendants do not consent to the jurisdiction of the bankruptcy court for trial of the non-core claims.  The bankruptcy court therefore respectfully recommends that its motion to withdraw the

---

[2] 28 U.S.C. § 157(b)(1).

[3] *Dunmore*, 358 F.3d at 1114.

[4] 28 U.S.C. § 157(c).  This subsection also requires the district court to refer the non-core proceeding to the bankruptcy court for adjudication.  The United States District Court for the District of Alaska has entered an order of reference which permits this court to determine non-core proceedings.

[5] 28 U.S.C. § 157(e).

reference be granted, so that this matter can be tried by the District Court in accordance with 28 U.S.C. § 157(c).

DATED: November 17, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:   D. Bruce, Esq.
J. Travostino, Esq.
W. Earnhardt, Esq.
M. Parise, Esq.
K. Odza, Esq.
P. Gingras, Adv. Case Mgr.
C. Rapp, Appeals/Reference Tracking
W. Wolfe, Clerk of the Bankruptcy Court

11/18/05